IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INCREDIBLY EDIBLE DELITES, INC., <br> One Summit Avenue <br> Broomall, Pennsylvania  19008 <br><br> and <br><br> INCREDIBLE FRANCHISE CORPORATION, <br> One Summit Avenue <br> Broomall, Pennsylvania  19008 <br><br>        Plaintiffs, <br><br> vs. <br><br> EDIBLE ARRANGEMENTS, LLC, <br> 157 Main Street <br> East Haven, Connecticut  06512 <br><br> and <br><br> EDIBLE ARRANGEMENTS FRANCHISE GROUP <br> 1920 Dixwell Avenue <br> Hamden, Connecticut  06514-2401 <br><br>        Defendants. | Civil Action No.:02-CV-4021 |

**COMPLAINT**

  Plaintiffs, Incredibly Edible Delites, Inc. and Incredible Franchise Corporation, by way of complaint against defendants, Edible Arrangements, LLC, and Edible Arrangements Franchise Group, on knowledge as to plaintiffs and otherwise on information and belief, allege as follows:

**Nature of Action**

  1. This is a civil action for trademark infringement of a federally registered mark under 15 U.S.C. § 1114; false designation of origin under 15 U.S.C. § 1125(a); dilution under 15 U.S.C. § 1125(c); violation of the Anticybersquatting Act, codified at 15 U.S.C. § 1125(d);

1

trademark infringement and unfair competition under Pennsylvania common law; and, trademark dilution under the laws of the Commonwealth of Pennsylvania, codified at 54 Pa.Cons.Stat. § 1124.

## Jurisdiction

2.      This Court has subject matter jurisdiction over this matter under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338, and 1367.

## Venue

3.      Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400.

## The Parties

4.      Plaintiff, Incredibly Edible Delites, Inc. ("Incredibly Edible Delites") is a Pennsylvania corporation having a principal place of business at One Summit Avenue, Broomall, Pennsylvania 19008.  Plaintiff, Incredible Franchise Corporation ("Incredible Franchise") is a Pennsylvania corporation having a principal place of business at One Summit Avenue, Broomall, Pennsylvania 19008.

5.      On information and belief, defendant, Edible Arrangements, LLC, is a limited liability company of the State of Connecticut.

6.      On information and belief, Edible Arrangements, LLC has a principal place of business at 157 Main Street, East Haven, Connecticut 06512.

7.      On information and belief, defendant, Edible Arrangements Franchise Group, is a limited liability company of the State of Connecticut ( Edible Franchise ).

8.      On information and belief, defendant, Edible Franchise has principal place of business at 157 Main Street, East Haven, Connecticut 06512.

## Facts Common to All Counts

9.      Incredibly Edible Delites was founded in 1985 by Ellen B. Davis and Susan M. Ellman.  Ms. Davis and Ms. Ellman opened their original store in Broomall, Pennsylvania (the "Broomall office") and traded under the name Incredibly Edible Delites.

10.     Since 1985, Incredibly Edible Delites has been in the business of creating and delivering a wide variety of decorative fruit baskets.  One popular type of decorative fruit basket created and sold by Incredibly Edible resembles a bouquet of flowers (hereinafter generically

referred to as a "floral fruit bouquet"). Unlike a traditional floral bouquet, Incredibly Edible Delites' floral fruit bouquets comprise pieces of fresh fruit cut to resemble flowers, and then arranged to resemble a floral bouquet. Samples of Incredibly Edible Delites' floral fruit bouquets are shown in Exhibit 1.

11. Around 1993, Incredibly Edible Delites began to expand its business through franchising.

12. In February 1995, Incredible Franchise Corporation was formed for the purpose of marketing, selling, and managing Incredibly Edible Delites franchises.

13. Incredibly Edible Delites, in addition to its company-owned store, through Incredible Franchise Corporation, currently has ten (10) franchises located in the states of Pennsylvania (3, including the company store), New Jersey, Delaware (also serving parts of Maryland), California, Indiana, Michigan, North Carolina (also serving South Carolina) and Florida (2), and plans to open an additional location, in Fort Myers, Florida in the near future. Incredibly Edible Delites, Incredible Franchise Corporation, and its franchises are referred to herein collectively as "Incredibly Edible".

14. Incredibly Edible markets and sells its decorative fruit baskets to both residential and commercial accounts. In the year 2001, for example, Incredibly Edible sold over 50,000 decorative fruit baskets.

15. Since 1985, Incredibly Edible has steadily expanded its decorative fruit basket product line, including its floral fruit bouquet product line.

16. Over the past 18 years, Incredibly Edible has developed a reputation for creating and delivering only the highest quality decorative fruit baskets.

17. Since 1985, Incredibly Edible has advertised, promoted and sold its goods and services using the mark INCREDIBLY EDIBLE DELITES.

18. Through Incredibly Edible's substantial marketing and advertising efforts, the mark INCREDIBLY EDIBLE DELITES has become famous in the decorative fruit basket industry and to the public, and recognized throughout the industry by the public as the exclusive property of Incredibly Edible.

19. The mark INCREDIBLY EDIBLE DELITES and the extensive recognition and goodwill symbolized by the mark INCREDIBLY EDIBLE DELITES are extremely valuable assets of Incredibly Edible.

20. The mark INCREDIBLY EDIBLE DELITES is inherently distinctive.

21. The mark INCREDIBLY EDIBLE DELITES has become distinctive through the acquisition of secondary meaning.

22. The mark INCREDIBLY EDIBLE DELITES is owned by Incredibly Edible Delites and is licensed for use to its franchisees. Incredibly Edible Delites controls the quality of the products sold and services provided by its franchisees under the mark INCREDIBLY EDIBLE DELITES.

23. The mark INCREDIBLY EDIBLE DELITES is valid and is entitled to protection under federal and state laws.

24. Since at least as early as 1991, Incredibly Edible has been using the mark INCREDIBLY EDIBLE DELITES, INC. EDIBLE FLORAL CREATIONS and design to market and sell in interstate commerce its goods and services, including its floral fruit bouquet product line. The mark INCREDIBLY EDIBLE DELITES, INC. EDIBLE FLORAL CREATIONS and design is registered as Registration No. 1,755,554 for use in connection with floral fruit and vegetable baskets consisting of cut or sliced fruits and vegetables. Registration No. 1,755,554 is valid and subsisting on the Principal Register of the United States Patent and Trademark Office.

25. Through Incredibly Edible's substantial marketing and advertising efforts, the mark INCREDIBLY EDIBLE DELITES, INC. EDIBLE FLORAL CREATIONS and design (referred to as the "registered mark INCREDIBLY EDIBLE") has become famous in the decorative fruit basket industry and to the public, and recognized throughout the industry and by the public as the exclusive property of Incredibly Edible.

26. The registered mark INCREDIBLY EDIBLE, and the extensive recognition and goodwill symbolized by the INCREDIBLE EDIBLE registered mark, are extremely valuable assets of Incredibly Edible.

27. The registered mark INCREDIBLY EDIBLE is inherently distinctive.

28. The registered mark INCREDIBLY EDIBLE has become distinctive through the acquisition of secondary meaning.

29. The registered mark INCREDIBLY EDIBLE is owned by Incredibly Edible Delites and is licensed for use to its franchisees. Incredibly Edible Delites controls the quality of the products sold and services provided by its franchisees under the registered mark INCREDIBLY EDIBLE.

30. The registered mark INCREDIBLY EDIBLE is valid and is entitled to protection under federal and state laws.

31. Since at least as early as 1998, Incredibly Edible has been marketing and selling in interstate commerce its goods and services, including floral fruit bouquet product line, using the marks FRUITFLOWERS, FRUITFLOWERS.COM, and FRUIT FLOWERS (collectively referred to as the "FRUITFLOWERS marks").

32. Incredibly Edible advertises and promotes the FRUITFLOWERS marks through a

wide variety of media including newspapers, magazines, business journals/publications; radio stations; movie theater advertisements; billboards; church and synagogue bulletins; and/or direct mail.

33.     Incredibly Edible maintains an Internet Web site addressed as www.fruitflowers.com to advertise, promote and sell its decorative fruit baskets, including its floral fruit bouquets, and its delivery services.

34.     Through Incredibly Edible's substantial marketing and advertising efforts, the FRUITFLOWERS marks have become famous in the decorative fruit basket industry and to the public, and recognized throughout the industry and by the public as the exclusive property of Incredibly Edible.

35.     The FRUITFLOWERS marks, and the extensive recognition and goodwill symbolized by the FRUITFLOWERS marks, are extremely valuable assets of Incredibly Edible.

36.     The FRUITFLOWERS marks are inherently distinctive.

37.     The FRUITFLOWERS marks have become distinctive through the acquisition of secondary meaning.

38.     The FRUITFLOWERS marks are owned by Incredibly Edible Delites and are licensed for use to its franchisees. Incredibly Edible Delites controls the quality of the products sold and services provided by its franchisees under the FRUITFLOWERS marks.

39.     The FRUITFLOWERS marks are valid and are entitled to protection under federal and state laws.

40.     Incredibly Edible Delites is the owner of a pending U.S. trademark application for the mark FRUITFLOWERS for use in connection with edible floral creations made from fruit and the delivery of edible floral creations made from fruit.

41.     Incredibly Edible Delites is the owner of a pending U.S. trademark application for the mark FRUITFLOWERS.COM for use in connection with edible floral creations made from fruit and the delivery of edible floral creations made from fruit.

42.     Incredibly Edible Delites is the owner of a pending U.S. trademark application for the mark FRUIT FLOWERS for use in connection with edible floral creations made from fruit and the delivery of edible floral creations made from fruit.

43.     Incredibly Edible has offered and continues to offer for sale Incredibly Edible Delites franchises. Incredibly Edible has used, and continues to use, its FRUITFLOWERS marks in connection with its franchising services. Incredibly Edible also uses the marks INCREDIBLY EDIBLE DELITES, INC. EDIBLE FLORAL CREATIONS and design and INCREDIBLY EDIBLE DELITES in connection with the sale of franchises and franchising services.

44. Over the past 9 years, Incredibly Edible has developed a reputation for offering and selling franchises and providing reputable and quality services to its franchisees.

45. Since 1995, Incredibly Edible has advertised and promoted its franchise sales and franchise services using the marks INCREDIBLY EDIBLE DELITES, INC. EDIBLE FLORAL CREATIONS and design and INCREDIBLY EDIBLE DELITES (referred to collectively as "INCREDIBLY EDIBLE marks").

46. Through Incredibly Edible's substantial marketing and advertising efforts, the INCREDIBLY EDIBLE marks have become famous for its franchises, the sale of franchises and its franchise services which it provides to its franchisees in connection with the decorative fruit basket industry. The INCREDIBLY EDIBLE marks are recognized throughout the industry as the marks of Incredibly Edible.

47. The INCREDIBLY EDIBLE marks, and the extensive recognition and goodwill symbolized by the INCREDIBLY EDIBLE marks, are extremely valuable assets of Incredibly Edible.

48. The INCREDIBLY EDIBLE marks are inherently distinctive.

49. The INCREDIBLY EDIBLE marks have become distinctive through the acquisition of secondary meaning.

50. The INCREDIBLY EDIBLE marks are owned by Incredibly Edible Delites and Incredibly Edible controls the quality of the franchise sales and franchise services provided under the INCREDIBLY EDIBLE marks.

51. The INCREDIBLY EDIBLE marks are valid and are entitled to protection under federal and state laws.

52. In or around February 1997, Incredibly Edible engaged Daisy Systems, Inc. ("DSI") to develop a software program to assist Incredibly Edible's business operations. DSI referred Incredibly Edible to its eastern United States distributor, Northeast Systems Group, Inc. and its president, Tariq Farid.

53. At an initial meeting, Incredibly Edible disclosed to Tariq Farid confidential information including, inter alia, Incredibly Edible's business and operational needs.

54. Incredibly Edible also requested that Tariq Farid develop a computer program to, *inter alia*, input orders, track inventory, and maintain sales information and financial data.

55. Tariq Farid advised Incredibly Edible that DSI owned a computer program entitled "Daisy Floral Management System" ("DFMS") which was used by florists. Tariq Farid further advised Incredibly Edible that he would customize the DFMS program to satisfy Incredibly Edible's specific business needs.

6

56. During development of the customized DFMS program for Incredibly Edible, Tariq Farid requested, received, and examined Incredibly Edible's confidential and non-confidential business information including brochures, designs, and sales information.

57. In or around April 1997, defendant Tariq Farid visited Incredibly Edible's business premises to install the computer hardware and customized DFMS software program at Incredibly Edible's Broomall office. During this time, defendant Tariq Farid had access to all design, sales, financial data and confidential business information of Incredibly Edible. At that time, Tariq Farid further reviewed on-site creation of Incredibly Edible's decorative fruit baskets, including Incredibly Edible's floral fruit bouquets.

58. After initial installation of the customized DFMS software program, Tariq Farid maintained regular telephone contact with Incredibly Edible. Tariq Farid also made at least one (1) additional on-site visit to Incredibly Edible's Broomall office.

59. On the recommendation of Incredibly Edible Delites, Tariq Farid rendered similar services to several of Incredibly Edible's franchisees.

60. Tariq Farid was paid in full for all services rendered to Incredibly Edible Delites and its franchisees.

61. Under the guise of their computer consultation relationship, Tariq Farid spent significant time questioning employees of Incredibly Edible about its designs, arrangements, customer interest and base, business costs, profits, growth, franchise operations and plans.

62. Kamran Farid also performed consulting for Incredibly Edible, speaking with Incredibly Edible personnel on occasions where Tariq was not available.

63. Using the above-described confidential and proprietary information obtained from Incredibly Edible, the Farids started a decorative fruit basket business in direct competition with Incredibly Edible.

64. Using the above-described confidential and proprietary information obtained from Incredibly Edible, the Farids began selling decorative fruit baskets, including floral fruit bouquets, using the trade name Edible Arrangements, LLC.

65. Edible Arrangements, LLC decorative fruit basket designs, including its floral fruit bouquet designs, were essentially copied from Incredibly Edible.

66. On information and belief, Edible Arrangements, LLC has at all times been wholly-owned and controlled by the Farids.

67. As a result of Edible Arrangements, LLC and the Farids' infringing and other lawful activities, a civil lawsuit for, *inter alia*, copyright infringement and misappropriation, ensued between Incredibly Edible and Edible Arrangements, LLC and Tariq Farid. The lawsuit

was subsequently settled by the parties.

68. After settlement of the lawsuit, Edible Arrangements, LLC and the Farids continued to advertise and sell decorative fruit baskets including floral fruit bouquets using designs they were permitted to use as a result of the settlement.

69. Edible Arrangements, LLC has now begun expanding its business through franchising, and has established Edible Arrangements Franchise Group to sell Edible Arrangements franchises and provide franchise services. Hereinafter Edible Arrangements, LLC and Edible Arrangements Franchise Group are collectively referred to as Edible Arrangements.

70. Edible Arrangements have solicited franchisees throughout the United States, including the state of Pennsylvania.

71. Among other ways of advertising and promoting their business, Edible Arrangements operate an Internet Web site addressed as www.ediblearrangements.com.

72. Edible Arrangements also use the address www.deliciousdesigns.com as an Internet Web site which links to the same content pages as the Edible Arrangements' Web site www.ediblearrangements.com. (References herein to the Edible Arrangements' www.ediblearrangements.com site also apply regardless of through which domain name the Web site content is accessed.)

73. Photographs of Edible Arrangements decorative fruit baskets, including floral fruit bouquets, are displayed on www.ediblearrangements.com.

74. Edible Arrangements' Web site www.ediblearrangements.com is an interactive Web site through which customers can view, select, and order for delivery Edible Arrangements decorative fruit baskets.

75. The Edible Arrangements' Web site www.ediblearrangements.com is used by Edible Arrangements to solicit potential franchisees for its Edible Arrangements franchise stores.

76. Snapshots from www.ediblearrangements.com are attached hereto as Exhibit 46.

77. Edible Arrangements Web site www.ediblearrangements.com is written in HTML code (hypertext markup language), and includes encoded words, phrases and other material which is recognized (searched) by Internet search engines.

78. A downloaded copy of selected HTML code from www.ediblearrangements.com is attached as Exhibit 2 hereto.

79. Edible Arrangements use the words "fruitflowers" and "Fruit Flowers" in the HTML code of www.ediblearrangements.com as a metatag and/or searchable portal keyword so that Web portals, search engines and/or directories will direct Web traffic to its Web site.

8

80. Edible Arrangements' use of the words "fruitflowers" and "Fruit Flowers" in the searchable HTML code of www.ediblearrangements.com is intended to draw customer traffic away from Incredibly Edible's Web site www.fruitflowers.com and direct the traffic to Edible Arrangements Web site www.ediblearrangements.com.

81. Edible Arrangements' use of the word "fruitflowers" and "Fruit Flowers" in the HTML code of Edible Arrangements Web site gives the www.ediblearrangements.com Web site a higher ranking by some search engines.

82. Edible Arrangements have also registered "fruitflower.com" as a primary level domain name with knowledge that Incredibly Edible is using fruitflowers.com as a primarily level domain name.

83. Edible Arrangements have also registered the term "fruitflowers" as an Internet keyword with RealNames, a registrar for Internet Keywords.

84. Edible Arrangements has now begun using the address www.fruitflower.com as an address for its Internet Web site.

85. Edible Arrangements paid RealNames a monetary fee to primarily associate the search word "fruitflowers" with www.ediblearrangements.com instead of Incredibly Edible's Web site www.fruitflowers.com. For example, if an Internet query for the word "fruitflowers" is submitted on www.msn.com, the search engine reports /lists www.ediblearrangements.com as the first (primary) match, and states that "This Internet Keyword goes directly to the fruitflowers site."

86. Edible Arrangements' use of the Internet Keyword "fruitflowers" and/or the metatags and keywords "fruitflowers" and "Fruit Flowers" and/or the Web site www.fruitflower.com in connection with the sale of decorative fruit baskets is done without the authority and permission of Incredibly Edible.

87. Edible Arrangements' registration and use of the domain name "fruitflower.com", and its registration and use of the Internet Keyword "fruitflowers", and use of the words "fruitflowers" and "Fruit Flowers" as a metatag and/or searchable portal keyword is intentionally designed to divert customers and potential franchisees from Incredibly Edible to Edible Arrangements.

88. Edible Arrangements is using the word "fruitflower" generically to describe their floral fruit bouquets.

89. Edible Arrangements' registration and use of the domain name "fruitflower.com", and registration and use of the Internet Keyword "fruitflowers" and use of the words "fruitflowers" and "Fruit Flowers" as a metatag and/or searchable portal keyword began after Incredibly Edible's FRUITFLOWERS marks became famous.

9

90. Edible Arrangements also uses the words "Incredible", "Edible", "Delite", "Delights", "Fruit", "Flowers", "Fruitflowers", "Fruit Flowers", and "Edible Delight" in the HTML code of www.ediblearrangements.com and www.fruitflower.com as a metatag or searchable portal keyword so that Web portals, search engines and/or directories will direct Web traffic to its Web site.

91. Edible Arrangements' use of the words, "Incredible", "Edible", "Delite", "Delights", "Fruit", "Flowers", "Fruitflowers", "Fruit Flowers", and "Edible Delight" in the searchable HTML code of www.ediblearrangements.com and www.fruitflower.com is intended to draw customer traffic away from Incredibly Edible's Web site www.fruitflowers.com and direct the traffic to Edible Arrangements Web site www.ediblearrangements.com.

92. Edible Arrangements' use of the words, "Incredible", "Edible", "Delite", "Delights", "Fruit", "Flowers", "Fruitflowers", "Fruit Flowers", and "Edible Delight" in the HTML code of Edible Arrangements Web site gives the Edible Arrangements Web site a higher ranking by some search engines.

93. Edible Arrangements' use of the metatags and/or keywords, "Incredible", "Edible", "Delite", "Delights", "Fruit", "Flowers", "Fruitflowers", "Fruit Flowers", and "Edible Delight" and/or the Web site www.fruitflower.com in connection with the sale of decorative fruit baskets is done without the authority and permission of Incredibly Edible.

94. Edible Arrangements' use of the words, "Incredible", "Edible", "Delite", "Delights", "Fruit", "Flowers", "Fruitflowers", "Fruit Flowers", and "Edible Delight" as a metatag and/or searchable portal keyword is intentionally designed to divert customers and potential franchisees from Incredibly Edible to Edible Arrangements.

95. Edible Arrangements' use of the words, "Incredible", "Edible", "Delite", "Delights", "Fruit", "Flowers", "Fruitflowers", "Fruit Flowers", and "Edible Delight" as a metatag and/or searchable portal keyword began after Incredibly Edible's registered mark INCREDIBLY EDIBLE and INCREDIBLY EDIBLE marks became famous.

96. Edible Arrangements continues the aforesaid acts with full knowledge of their unlawful and infringing activities.

97. Edible Arrangements have acted blatantly and willfully and intend to continue the aforesaid acts of infringement and unfair competition.

98. Incredibly Edible has sustained irreparable harm to its business, reputation, and goodwill, and unless Edible Arrangements are enjoined and restrained by this court, Edible Arrangements will continue in the activities alleged herein and as a result thereof, Incredibly Edible will continue to sustain irreparable harm to its business, reputation and goodwill.

**COUNT I**

10

### Federal Trademark Infringement
### Under Section 32 of the Lanham Act.

99. The allegations of paragraphs 1-98, inclusive, are repeated and herein incorporated by reference.

100. Plaintiffs aver that the aforesaid acts of defendants are likely to cause confusion, to cause mistake, and to deceive, in violation of 15 U.S.C. § 1114, and therefore constitute infringement of Plaintiffs' rights in the registered trademark "INCREDIBLY EDIBLE DELITES, INC. EDIBLE FLORAL CREATIONS" and design.

101. Defendants have acted willfully with the knowledge that their activities are intended to cause confusion, to cause mistake, and to deceive, and are attended by circumstances of malice or of a wanton and reckless disregard for plaintiffs' rights, entitling plaintiffs to an award of treble damages and reasonable attorney s fees.

102. By reason of defendants' acts, as alleged herein, plaintiffs have and will suffer damages and immediate and irreparable harm to plaintiffs' business activities, reputation, and goodwill.

103. Accordingly, Plaintiffs are entitled to injunctive relief under 15 U.S.C. § 1116, damages (including defendants profits, damages suffered by plaintiff, the costs of this action, and reasonable attorney s fees) under 15 U.S.C. § 1114 and § 1117(a), and destruction of all infringing articles under 15 U.S.C. § 1118. In consequence of the circumstances of this case, in which defendants have deliberately attempted to capitalize on plaintiffs' mark, plaintiffs are entitled to treble damages, pursuant to 15 U.S.C. § 1117(a).

### COUNT II
### Trademark Infringement Under Section 43(a) of the Lanham Act.

104. The allegations of paragraphs 1-103, inclusive, are repeated and incorporated herein by reference.

105. Defendants' acts constitute false designation of origin in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

106. Defendants' use of the word "fruitflowers" (or "Fruit Flowers") as a metatag and/or searchable portal keyword and/or as a registered Internet Keyword, as well as the use of, "Incredible", "Edible", "Delite", "Delights", "Fruit", "Flowers", "Fruitflowers", "Fruit Flowers", and "Edible Delight" as a metatag and/or searchable portal keyword, is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, and/or association between Incredibly Edible, and the defendants.

107. Defendants' use of the word "fruitflowers" as a metatag and/or searchable portal keyword and/or as a registered Internet Keyword, as well as the use of, "Incredible", "Edible",

"Delite", "Delights", "Fruit", "Flowers", "Fruitflowers", "Fruit Flowers", and "Edible Delight" as a metatag and/or searchable portal keyword, is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of defendants' goods and services by Incredibly Edible.

108.    Defendants' registration and use of the domain name "fruitflower.com" is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, and/or association between Incredibly Edible and the defendants.

109.    Defendants' registration and use of the domain name "fruitflower.com" is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of defendants goods and services by Incredibly Edible.

110.    Defendants' activities have been willful and with knowledge that their activities are likely to confuse, or to cause mistake, or to deceive the public.

111.    On information and belief, defendants, by their unlawful activities have made profits to which they are not entitled in law or equity.

112.    Incredibly Edible has sustained irreparable harm to its business, reputation, and goodwill, and unless defendants are enjoined and restrained by this court, Edible Arrangements will continue in the activities alleged herein and as a result thereof, Incredibly Edible will continue to sustain irreparable harm to its business, reputation, and goodwill.

113.    Incredibly Edible has no adequate remedy at law.

114.    Defendants acts have been willful and/or with a wanton and reckless disregard for Incredibly Edible's rights.

### COUNT III
### Trademark Dilution Under the Lanham Act

115.    The allegations of paragraphs 1-114, inclusive, are repeated and incorporated herein by reference.

116.    Defendants' acts constitute trademark and service mark dilution in violation of section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

117.    Defendants use of the word "fruitflowers" and the words, "Incredible", "Edible", "Delite", "Delights", "Fruit", "Flowers", "Fruitflowers", "Fruit Flowers", and "Edible Delight" to generically describe its floral fruit bouquets and services began after Incredibly Edible's FRUITFLOWERS and INCREDIBLY EDIBLE marks became famous.

118.    Defendants' use of the word "fruitflowers" and "Incredible", "Edible", "Delite", "Delights", "Fruit", "Flowers", "Fruitflowers", "Fruit Flowers", and "Edible Delight" to

12

generically describe its floral fruit bouquets and services dilutes the distinctive quality of Incredibly Edible's famous FRUITFLOWERS and INCREDIBLY EDIBLE marks.

119.  Defendants acts constitute a willful and deliberate intent to trade on Incredibly Edible's reputation or to dilute Incredibly Edible's famous FRUITFLOWERS and INCREDIBLY EDIBLE marks.

120.  On information and belief, defendants, by their unlawful activities have made profits to which they are not entitled in law or equity.

121.  Incredibly Edible has sustained irreparable harm to its business, reputation, and goodwill, and unless defendants are enjoined and restrained by this court, defendants will continue in the activities alleged herein and as a result hereof, Incredibly Edible will continue to sustain irreparable harm to its business, reputation, and goodwill.

122.  Incredibly Edible has no adequate remedy at law.

123.  Defendants' acts have been willful and/or with a wanton and reckless disregard for Incredibly Edible's rights.

## COUNT IV
### Trademark Infringement Under Pennsylvania Law

124.  The allegations of paragraphs 1-123, inclusive, are repeated and incorporated herein by reference.

125.  Defendants' acts constitute trademark and service mark infringement of Incredibly Edible's FRUITFLOWERS and INCREDIBLY EDIBLE marks under Pennsylvania law.

126.  Defendants' use of the word "fruitflowers" as a metatag and/or searchable portal keyword and/or as a registered keyword, as well as the use of, "Incredible", "Edible", "Delite", "Delights", "Fruit", "Flowers", "Fruitflowers", "Fruit Flowers", and "Edible Delight" as a metatag and/or searchable portal keyword, is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, and/or association between Incredibly Edible and defendants.

127.  Defendants' use of the word "fruitflowers" as a metatag and/or searchable portal keyword and/or as a registered keyword, as well as the use of "Incredible", "Edible", "Delite", "Delights", "Fruit", "Flowers", "Fruitflowers", "Fruit Flowers", and "Edible Delight" as a metatag and/or searchable portal keyword, is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Edible Arrangements' goods and services by Incredibly Edible.

128. Defendants' registration and use of the domain name "fruitflower.com" is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, and/or association between Incredibly Edible, and Edible Arrangements.

129. Defendants' registration and use of the domain name "fruitflower.com" is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Edible Arrangements' goods and services by Incredibly Edible.

130. Defendants' activities have been willful and with the knowledge that their activities are likely to confuse, or to cause mistake, or to deceive the public.

131. On information and belief, defendants, by their unlawful activities have made profits to which they are not entitled in law or equity.

132. Incredibly Edible has sustained irreparable harm to its business, reputation, and goodwill, and unless defendants are enjoined and restrained by this court, defendants will continue in the activities alleged herein and as a result thereof, Incredibly Edible will continue to sustain irreparable harm to its business, reputation, and goodwill.

133. Incredibly Edible has no adequate remedy at law.

134. Defendants' acts have been willful and/or with a wanton and reckless disregard for Incredibly Edible's rights.

## COUNT V
## Violation of the Anticybersquatting Act

135. The allegations of paragraphs 1-134, inclusive, are repeated and incorporated herein by reference.

136. Defendants' acts violate the Anticybersquatting Act, 15 U.S.C. § 1125(d).

137. Defendants have a bad faith intent to profit from Incredibly Edible's FRUITFLOWERS marks and have registered, trafficked in, and/or used the domain name www.fruitflower.com which is identical to and/or confusingly similar to and/or dilutive of Incredible Edible's FRUITFLOWERS marks.

138. Defendants have a bad faith intent to profit from Incredibly Edible's FRUITFLOWERS marks and have registered, trafficked in, and/or used the Internet Keyword "fruitflowers" which is identical to and/or confusingly similar to and/or dilutive of Incredible Edible's FRUITFLOWERS marks.

139. On information and belief, defendants, by their unlawful activities have made profits to which they are not entitled in law or equity.

140. Incredibly Edible has sustained irreparable harm to its business, reputation, and goodwill, and unless defendants are enjoined and restrained by this court, defendants will continue in the activities alleged herein and as a result thereof, Incredibly Edible will continue to sustain irreparable harm to its business, reputation, and goodwill.

141. Incredibly Edible has no adequate remedy at law.

142. Defendants' acts have been willful and/or with a wanton and reckless disregard for Incredibly Edible's rights.

## COUNT VI
### Unfair Competition Under Pennsylvania Law

143. The allegations of paragraphs 1-142, inclusive, are repeated and incorporated herein by reference.

144. Defendants' activities constitute unfair competition under Pennsylvania common law.

145. Defendants entered the business of selling floral fruit baskets after plaintiff, and the activities of Edible Arrangements create or increase confusion between its goods/services or its business and the goods/services and business of Incredibly Edible.

146. The conduct of defendants is likely to have the effect of deceiving the public so as to pass off the goods/services business of defendants as and for that of Incredibly Edible.

147. Defendants' activities constitute unlawful, unfair business practices, and therefore constitute unfair competition within the meaning of Pennsylvania law.

148. On information and belief, defendants, by their unlawful activities have made profits to which they are not entitled in law or equity.

149. Incredibly Edible has sustained irreparable harm to its business, reputation, and goodwill, and unless defendants are enjoined and restrained by this court, defendants will continue in the activities alleged herein and as a result thereof, Incredibly Edible will continue to sustain irreparable harm to its business, reputation, and goodwill.

150. Incredibly Edible has no adequate remedy at law.

151. Defendants' acts have been willful and/or with a wanton and reckless disregard for Incredibly Edible's rights.

## COUNT VII
### Trademark Dilution Under Pennsylvania Statute

15

152.   The allegations of paragraphs 1-151, inclusive, are repeated and incorporated herein by reference.

153.   Defendants' acts constitute trademark and service mark dilution in violation of 54 Pa.Cons.Stat. § 1124.

154.   Defendants' use of the word "fruitflowers" and "Incredible", "Edible", "Delite", "Delights", "Fruit", "Flowers", "Fruitflowers", "Fruit Flowers", and "Edible Delight" to generically describe its floral fruit bouquets and services began after Incredibly Edible's FRUITFLOWERS and INCREDIBLY EDIBLE marks became famous in Pennsylvania.

155.   Defendants' use of the word "fruitflowers" and "Incredible", "Edible", "Delite", "Delights", "Fruit", "Flowers", "Fruitflowers", "Fruit Flowers", and "Edible Delight" to generically describe its floral fruit bouquets and services dilutes the distinctive quality of Incredibly Edible's famous FRUITFLOWERS and INCREDIBLY EDIBLE marks.

156.   Defendants' acts constitute a willful and deliberate intent to trade on Incredibly Edible's reputation or to dilute Incredibly Edible's famous FRUITFLOWERS and INCREDIBLY EDIBLE marks.

157.   On information and belief, defendants, by their unlawful activities have made profits to which they are not entitled in law or equity.

158.   Incredibly Edible has sustained irreparable harm to its business, reputation, and goodwill, and unless defendants are enjoined and restrained by this court, defendants will continue in the activities alleged herein and as a result thereof, Incredibly Edible will continue to sustain irreparable harm to its business, reputation, and goodwill.

159.   Incredibly Edible has no adequate remedy at law.

160.   Defendants' acts have been willful and/or with a wanton and reckless disregard for Incredibly Edible's rights.

**WHEREFORE**, Plaintiffs, Incredibly Edible Delites, Inc. and Incredible Franchise Corporation, pray for:

an award of damages for false designation of origin, dilution, and infringement of Incredibly Edible's FRUITFLOWERS and INCREDIBLY EDIBLE marks, including Edible Arrangements' profits, and that such award be trebled due to Edible Arrangements' willful and deliberate conduct;

an award of damages for Edible Arrangements' bad faith in registering, trafficking in, and/or using the domain name fruitflower.com; and the Internet Keyword "fruitflowers".

an injunction as set forth in the proposed Order accompanying Incredibly Edible's motion for preliminary injunction, filed contemporaneously herewith and incorporated herein by reference;

an award of costs and disbursements of this action, together with reasonable attorneys fees, pursuant to 15 U.S.C. §1117;

an award to plaintiff punitive damages by virtue of with willful, wanton and malicious conduct of Edible Arrangements, as set forth herein;

such other and further relief as the court may deem just and proper.

## JURY DEMAND

Plaintiffs demand a jury trial.

Respectfully submitted,

HARDING, EARLEY, FOLLMER & FRAILEY

DATE:_____     By:_____
John F. A. Earley III (I.D. No. 38,839)
Frank J. Bonini, Jr. (I.D. No. 59,394)
86 The Commons At Valley Forge East
1288 Valley Forge Road
P. O. Box 750
Valley Forge, PA 19482-0750
Telephone: 610-935-2300

Attorneys for Plaintiffs

Attorneys for Plaintiffs